IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARY MASON<br>1134 Sharon Ave<br>Kettering, OH 45429 | ) )<br>)<br>) | CASE NO. |
| | ) | JUDGE |
| and | )<br>) | |
| YAHAIRA DIAZ-REYES<br>824 Saxon Trace Way Apt. 105<br>Altamonte Springs, FL 32763 | )<br>)<br>)<br>) | **PLAINTIFFS' COMPLAINT** |
| and | )<br>) | (Jury Demand Endorsed Herein) |
| KARETTA PARTRIDGE<br>3918 33rd Street NE<br>Canton, OH 44705 | )<br>)<br>)<br>) | |
| On behalf of themselves and all others<br>similarly-situated, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| SYNCHRONY BANK<br>c/o Statutory Agent Ct Corporation System<br>4400 Easton Commons Way Suite 125<br>Columbus, OH 43219 | )<br>)<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

Now come Plaintiffs Mary Mason, Yahaira Diaz-Reyes, and Karetta Partridge, and for

their Complaint against Synchrony Bank, state and allege the following:

## INTRODUCTION

1.      This is a "collective action" instituted by Plaintiffs as a result of Defendant's

practices and policies of not paying its hourly, non-exempt employees, including Plaintiffs and

other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to

remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §

1331 and 29 U.S.C. § 216(b).

3.     The Court has supplemental jurisdiction over Plaintiffs' OMFWSA claims

pursuant to 28 U.S.C. 1367 because the claims are so related to the FLSA claims as to form part

of the same case or controversy.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts

business throughout this District and Division and Defendant maintains a physical location in

this District and Division.

## PARTIES

5.     At all times relevant herein, Plaintiff Mary Mason ("Plaintiff Mason"), was a

citizen of the United States and a resident of Montgomery County, Ohio.

6.     At all times relevant herein, Plaintiff Yahaira Diaz-Reyes ("Plaintiff Diaz-

Reyes"), was a citizen of the United States and a resident of Seminole County, Florida.

7.     At all times relevant herein, Plaintiff Karetta Partridge ("Plaintiff Partridge"), was

a citizen of the United States and a resident of Stark County, Ohio.

8.     At all times relevant herein, Plaintiffs were employees within the meaning of 29

U.S.C. 203(e) and R.C. 4111.03(D)(3).

9.     At all times relevant herein, Defendant Synchrony Bank was a foreign

corporation, licensed to business in the State of Ohio, organized and existing under the laws of

the State of Connecticut, conducting business throughout the United States, including in this

2

District and Division, and having its principal place of business in Ohio at 950 Forrer Blvd, Kettering, in Montgomery County.

10.     At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. 4111.03(D)(2).

11.     At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

12.     At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13.     At all times relevant herein, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207 as they used tools, products, and equipment that traveled in interstate commerce.

14.      Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

15.      Defendant is a national bank that provides financial products and services to its customers and owns and operates a number of call centers that provide customer support services to its customers.

16.     Plaintiff Mason was employed by Defendant as a Customer Service Representative between November 14, 2014 and August 7, 2017 at Defendant's Kettering, Ohio call center.

17.     Plaintiff Diaz-Reyes was employed by Defendant as a Collections Representative between June 6, 2016 and February 17, 2017 at Defendant's Altamonte Springs, Florida call center.

3

18.     Plaintiff Partridge was employed by Defendant as a Fraud Representative between April 15, 2015 and June 15, 2016 at Defendant's Canton, Ohio call center.

19.     Other similarly-situated employees were employed by Defendant as Customer Service Representatives, Collections Representatives, and Fraud Representatives in call centers located throughout the United States.

20.     Plaintiffs and other similarly-situated employees were classified by Defendant as non-exempt employees.

21.     Plaintiffs and other similarly-situated employees were paid by Defendant on an hourly basis.

**(Failure to Pay For Time Spent Starting and Logging Into
Computer Systems, Applications, and Phone System)**

22.     Plaintiffs and other similarly-situated employees were required by Defendant to perform unpaid work before clocking in each day, including, but not limited to, starting, booting up, and logging into Defendant's computer systems, numerous software applications, and phone systems.

23.     By common policy and practice, Plaintiffs and other similarly-situated employees were required to have their computers booted up and have several applications running before the start of their shifts so that they could take their first call promptly upon commencing work at their scheduled start times.

24.     Defendant arbitrarily failed to count this work performed by Plaintiffs and other similarly-situated employees as "hours worked."

25.     Plaintiffs and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

26.      Plaintiffs estimate that they spent approximately 15-20 minutes before their shift

4

start times clocking in each day, including but not limited to starting and logging into Defendant's computer systems, numerous software applications, and phone systems.

27.    This unpaid work performed by Plaintiffs and other similarly-situated employees was practically ascertainable to Defendant.

28.    There was no practical administrative difficulty of recording this unpaid work of Plaintiffs and other similarly-situated employees.  It could have been precisely recorded for payroll purposes simply by allowing them to clock in before they began booting up Defendant's computer systems, applications, and phone systems.

29.    This unpaid work performed by Plaintiffs and other similarly-situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

30.    Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiffs and other similarly-situated employees.  They could not perform their work without booting up Defendant's computer systems, applications, and phone systems.

31.    Defendant knowingly and willfully failed to pay Plaintiffs and other similarly-situated inbound sales representatives for starting and logging into Defendant's computer systems, numerous software applications, and phone systems, during which they performed work that managers and/or other agents and/or representatives observed.

**(Failure to Pay Overtime Compensation)**

32.    As a result of Plaintiffs and other similarly-situated employees not being paid for all hours worked, Plaintiffs and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

33.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

34.     Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiffs and other similarly-situated employees before clocking in each day.

35.     The amount of time Plaintiffs and other similarly-situated employees spent on their required and unpaid work before clocking in amounted to approximately 15-20 minutes when Defendant's computer systems were working properly, or longer when Defendant's computer systems were slow or not working.

## COLLECTIVE ACTION ALLEGATIONS

36.     Plaintiffs bring Count One of the action on their own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

37.     The class which Plaintiffs seek to represent and for whom Plaintiffs seek the right to "opt-in" notices for purposes of the collective action, and of which Plaintiffs themselves are members, is composed of and defined as follows:

>           All former and current Customer Service Representatives,
>           Collections Representatives, and Fraud Representatives employed
>           by Synchrony Bank in a call center nationwide between September
>           8, 2014 and the present.

38.     Plaintiffs are unable to state at this time the exact size of the potential class, but upon information and belief aver that it consists of several hundred persons.

39.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  In addition to Plaintiffs, numerous current and former

employees are similarly situated with regard to their wages and claims for unpaid wages and damages.  Plaintiffs are representatives of those other employees and are acting on behalf of their interests, as well as their own, in bringing this action.

40.     These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records.  These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

41.     Plaintiffs bring Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of themselves and all other members of the class ("the Ohio Class") defined as:

> All former and current Customer Service Representatives, Collections Representatives, and Fraud Representatives employed by Synchrony Bank in a call center in Ohio between September 8, 2014 and the present.

42.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiffs are unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least several hundred persons.

43.     There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendant failed to pay overtime compensation to its Customer Service Representatives, Collections Representatives, and Fraud Representatives for hours worked in excess of 40 each workweek; and

> (b) what amount of monetary relief will compensate Plaintiffs Mary Mason, Yahaira Diaz-Reyes, and Karetta Partridge, and other members of the class for Defendant's violation of R.C. 4111.03 and 4111.10.

7

44.     The claims of the named Plaintiffs are typical of the claims of other members of the Ohio Class.  Named Plaintiffs' claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

45.     Named Plaintiffs Mary Mason, Yahaira Diaz-Reyes, and Karetta Partridge, will fairly and adequately protect the interests of the Ohio Class.  Their interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members.  The named Plaintiffs' counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

46.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

47.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.  Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

48.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten

herein.

49.     Defendant's practice and policy of not paying Plaintiffs and other similarly-situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

50.     Defendant's practice and policy of not paying Plaintiffs and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

51.     Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiffs and other similarly-situated employees violated the FLSA, 29 CFR 516.2(a)(7).

52.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

53.     As a result of Defendant's practices and policies, Plaintiffs and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.03)

54.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

55.     Defendant's practice and policy of not paying Plaintiffs and other similarly-situated employees for work performed before clocking in each day violated the OMFWSA, R.C. 4111.03.

56.     Defendant's practice and policy of not paying Plaintiffs and other similarly-

situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the OMFWSA, R.C. 4111.03.

57.      By failing to pay Plaintiffs and other similarly-situated employees' overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. 4111.03.

58.      As a result of Defendant's practices and policies, Plaintiffs and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and all those similarly situated, collectively pray that this Honorable Court:

A.      Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B.      Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.      Award Plaintiffs and the class they represent actual damages for unpaid overtime compensation;

D.      Award Plaintiffs and the class they represent liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiffs and the classes;

E.      Award Plaintiffs and the class they represent pre- and post-judgment interest at the statutory rate;

10

      F.      Award Plaintiffs and the class they represent attorneys' fees, costs, and disbursements; and

      G.      Award Plaintiffs and the class they represent further and additional relief as this Court deems just and proper.

> Respectfully submitted,
>
>  /s/ Lori M. Griffin
> Lori M. Griffin (0085241)
> Chastity L. Christy (0076977)
> Anthony J. Lazzaro (0077962)
> The Lazzaro Law Firm, LLC
> 920 Rockefeller Building
> 614 W. Superior Avenue
> Cleveland, Ohio 44113
> Phone: 216-696-5000
> Facsimile: 216-696-7005
> lori@lazzarolawfirm.com
> chastity@lazzarolawfirm.com
> anthony@lazzarolawfirm.com
> Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs demand a trial by jury on all eligible claims and issues.

>  /s/ Lori M. Griffin
> One of the Attorneys for Plaintiffs

11