IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARY MASON, *et al.*,

   *On behalf of themselves
and those similarly situated,*

   Plaintiffs,

v.

SYNCHRONY BANK

   Defendant.

Case No. 3:17-cv-314

JUDGE WALTER H. RICE

---

ENTRY SUSTAINING DEFENDANT SYNCHRONY BANK'S MOTION FOR POSTPONEMENT OF BRIEFING ON PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION (DOC. #16), AND STAYING BRIEFING ON MOTION FOR CONDITIONAL CERTIFICATION, EXPEDITED OPT-IN DISCOVERY, AND COURT-SUPERVISED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS OF PLAINTIFFS MARY MASON, YAHAIRA DIAZ-REYES AND KARETTA PARTRIDGE (DOC. #15), UNTIL THE COURT ISSUES A RULING ON DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO DISMISS, OR ALTERNATIVELY, TO STAY THE PROCEEDINGS (DOC. #18), NO LATER THAN WEDNESDAY, JANUARY 31, 2018; STATUTE OF LIMITATIONS FOR CLAIMS UNDER THE FAIR LABOR STANDARDS ACT OF 1938 IS TOLLED FROM DECEMBER 18, 2017, UNTIL 5:00 P.M. EST ON WEDNESDAY FEBRUARY 7, 2018; TELEPHONIC STATUS CONFERENCE SET FOR 5:00 P.M. EST ON WEDNESDAY, JANUARY 31, 2018

---

Plaintiffs Mary Mason, Yahaira Diaz-Reyes and Karetta Partridge, on behalf of themselves and others similarly situated (collectively "Plaintiffs"), filed a Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-in Plaintiffs ("Motion for Conditional Certification"), by which Plaintiffs

moved that the instant case be certified as a collective action under the Fair Labor Standards Act of 1938 ("FLSA"), and that this Court implement a procedure "whereby prospective opt-in plaintiffs will be notified of Plaintiffs' FLSA claims and given an opportunity to join this action as party plaintiffs." Doc. #15, PAGEID #67 (citing 29 U.S.C. § 216(b); Fed. R. Civ. P. 26(d), 83(b)). On November 8, 2017, Defendant Synchrony Bank ("Defendant") filed a Motion for Postponement of Briefing on Plaintiffs' Motion for Conditional Certification ("Motion for Postponement"), arguing that Plaintiffs' motion was rendered moot by its forthcoming (now fully-briefed) Motion to Compel Arbitration and to Dismiss, or Alternatively, to Stay the Proceedings ("Motion to Compel Arbitration"). Doc. #16, PAGEID #120-21; Doc. #18. Defendant argues that Plaintiffs and any future opt-in Plaintiffs are required to arbitrate individually "all FLSA . . . claims in this case based on Defendant's alternative dispute resolution program and the class/collective action waiver therein." *Id.*, PAGEID #121.

On December 15, 2017, the Court ruled that the question of whether the arbitration requirements to which Plaintiffs were supposedly subject preclude them from pursuing a collective action in this Court is a threshold jurisdictional issue, which this Court must adjudicate before ruling on the Motion for Conditional Certification. On December 18, 2017, Defendant and Plaintiffs entered into an agreement by which the FLSA statute of limitations, 29 U.S.C. § 255, would be tolled from December 18, 2017, until Wednesday, February 7, 2018, at 5:00 p.m. EST.

In light of the above, the Court SUSTAINS Defendant's Motion for Postponement. Doc. #16. Briefing on Plaintiffs' Motion for Conditional Certification, Doc. #15, is STAYED until the Court issues a decision on Defendant's Motion to

2

Compel Arbitration, Doc. #18, no later than January 31, 2018. The statute of limitations for all potential FLSA claimants is STAYED until Wednesday, February 7, 2018, at 5:00 p.m. EST. The Court will conduct a telephonic status conference with counsel for Plaintiffs and Defendant on Wednesday, January 31, 2018, at 5:00 p.m. EST.

Date: January 2, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE